IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL NO. 1:CV-99-2128** |
| **Plaintiff** | : | |
| v. | : | |
| **6.45 ACRES OF LAND, MORE OR LESS, SITUATED IN CUMBERLAND TOWNSHIP, ADAMS COUNTY, COMMONWEALTH OF PENNSYLVANIA; HANS G. ENGGREN AND CHRISTINA A. ENGGREN, Husband and Wife, their Heirs and/or Assigns; UNKNOWN OWNERS; and UNKNOWN LESSEES,** *et al.*, | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

## I. Background

On May 17, 2000, the United States of America ("United States") filed a Declaration of Taking against the property of the Enggrens and the Overview Limited Partnership ("Overview"). The Declaration of Taking was filed pursuant to the statutory authority of the Declaration of Takings Act ("the Act"), 40 U.S.C. § 3114. On May 17, 2000, the United States paid the sum of three million dollars ($3,000,000.00) into the Registry of the Court, as "just compensation" pursuant to the Act. Thereafter, on August 25, 2000, Overview filed a petition requesting the court enter an order distributing the interest on the just compensation. The court granted the motion, and provided that the Clerk of Court was entitled to retain a

handling fee[1] of ten percent (10%) of the earned interest pursuant Middle District Local Rule 67.1 which provides, in part:

> (a) Counsel or parties who wish to deposit funds in pending litigation may, by leave of court, have such funds invested in interest bearing accounts, certificates of deposit or treasury bills. Any order directing investment will include the following: (1) the amount to be invested; (2) the name of the bank or financial institution at a location where the clerk has an office in which the funds are to be invested; (3) the type of account or instrument in which the funds are to be invested; (4) the terms of investment to include reinvestment instructions on short term instruments, any time limits on investment and other material information required by a particular case.
>
> . . .
>
> (g) A service fee may be charged by the clerk for the investment of registry funds.

By order dated April 11, 2001, Defendants were relieved from Local Rule 67.1(g) – the payment of the service fee.

After years of litigation, the value of the taken property was ultimately decided. Thereafter, a neutral arbitrator determined that the distribution of the funds was to be 66.67 percent to the Enggrens and 33.33 percent to Overview. By order dated September 13, 2006, this court ordered distribution of the funds by the Clerk except for the 10% interest-earned service fee. This withholding was due to the fact that the clerk of court brought to the attention of the court policy decisions by the Administrative Office of the United States Courts concerning service fees. These are discussed below.

---

[1] The terms "handling fee," "service fee," "charge fee," "poundage," etc. shall be used interchangeably.

**II. Position of the Interested Parties**

The Clerk of Court relies on 28 U.S.C. § 1914(b) which provides that "[t]he Clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States" as well as *The Guide to Judiciary Policies and Procedures*: Chapter 7, Part I (1)(2.7.1) (1999) which provides for the payment of the service fee and further that a waiver of such payment must be sought from the Director of the Administrative Office. *See also* 56 C.F.R. 56356.

Defendants argue they are not seeking a waiver. They contend that the fee is not applicable to them and that its application is contrary to the provisions of statute in the Declaration of Taking Act, 40 U.S.C. § 3114(c)(1), which reads:

> **(c) Compensation.** Determination and award. Compensation shall be determined and awarded in the proceeding and established by judgment. The judgment shall include interest, in accordance with section 3116 of this title. On the amount finally awarded as the value of the property as of the date of taking and shall be awarded from that date to the date of payment. Interest shall not be allowed on as much of the compensation as has been paid into the court. *Amounts paid into the court shall not be charged with commissions or poundage.* (Emphasis added.)

**III. Discussion**

> Title 5 U.S.C. § 760 provides, in part:
>
> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall –
>
> (2) hold unlawful and set aside agency action, findings and conclusions found to be –
>
> .   .   .
>
> > (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . .

3

*See also Batterton v. Francis*, 432 U.S. 416, 426 (1977).

Where Congress has directly spoken to the precise question at issue and the intent of Congress is clear, a court must give effect to the unambiguously expressed intent of Congress. *Chevron v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984).

## IV. <u>Conclusion</u>

It is quite clear that the Declaration of Taking Act cited above precludes the imposition of a service fee of funds deposited in the Clerk's registry. The statute takes precedent over the regulation of the Administrative Office of the United States Courts and the local rule of court. An appropriate order will be issued.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: December 6, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | **CIVIL NO. 1:CV-99-2128** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **6.45 ACRES OF LAND, MORE OR LESS, SITUATED IN CUMBERLAND TOWNSHIP, ADAMS COUNTY, COMMONWEALTH OF PENNSYLVANIA; HANS G. ENGGREN AND CHRISTINA A. ENGGREN, Husband and Wife, their Heirs and/or Assigns; UNKNOWN OWNERS; and UNKNOWN LESSEES,** *et al.***,** : | |
| **Defendants** : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The Clerk of Court shall distribute all sums of money remaining in the registry of the court under the captioned matter as follows:

    a) 66.67 percent to Hans and Christina Enggren, in care of David E. Lehman, Esquire, 100 Pine Street, Harrisburg, Pennsylvania 17108-1166; and

    b) 33.33 percent to Overview Limited Partnership, in care of John C. Goodchild, III, Esquire, 1701 Market Street, Philadelphia, Pennsylvania 19103.

2) The Clerk of Court shall *not* retain the service fee.

3) The Clerk of Court shall close this file.

                         s/Sylvia H. Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated: December 6, 2006.